IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM BROWN | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM FARRELL, et al. | : | NO. 05-881 |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                 **JANUARY 10, 2007**

        On February 28, 2005, Raheem Brown, Plaintiff, a state prisoner, filed a Complaint against William Farrell, a police officer and also against John Doe No. 1 and No. 2. Generally, the Complaint attempts to set forth a civil rights action alleging that Plaintiff was kidnapped and assaulted by the police.[1]

        With the Complaint was a request to proceed *in forma pauperis*. After a number of false starts with respect to financial disclosures, leave to file *in forma pauperis* was granted on June 3, 2005.

        On October 3, 2005, Plaintiff filed an Amended Complaint. On June 24, 2006, the United States Marshal returned the summons indicating it could not be served without Officer Farrell's badge number.

        On March 14, 2006, we issued an Order to Plaintiff to supply the Court with a badge number for Defendant William Farrell within twenty days.

        On April 7, 2006, Plaintiff filed a motion to amend the Complaint assigning names

---

[1] On page two of the original Complaint (Doc. No. 11) it would appear that a prior lawsuit had been filed in the Court of Common Pleas of Philadelphia to Docket No. 0584 in December Term which was dismissed on January 20, 2005 as time barred.

and badge numbers to Doe's No. 1 and No. 2. Attached to this motion was an arrest report for the incident which is the subject of the current Complaint. The incident report also contains the badge number of Officer Farrell.

The original Complaint alleged that the events that formed the basis of this action took place on October 13, 2000. The Amended Complaints allege that the events took place on October 12, 2000. The police report attached to the motion to amend also indicates that the incident took place October 12, 2000.

We treat the original Complaint as having been filed on February 28, 2005, the date when the application to proceed *in forma pauperis* was originally filed by the Plaintiff. That would be four years and four months after the alleged incident.

We noticed this problem originally, but our view at that time was to have the Complaint served and wait for the defense to raise the obvious statute of limitations problem. We now believe that the best course would have been to dismiss this suit as legally frivolous based on the fact that the face of the Complaint clearly establishes the defense of statute of limitations.

STATUTE OF LIMITATIONS

With the exception of 47 U.S.C. § 1986, the Federal Civil Rights Laws do not contain a specific statute of limitations for § 1983 actions. Thus, Federal Courts must look to the statute of limitations governing analogous state causes of action. A § 1983 action is most analogous to a tort action for damages for personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 276 105 S.Ct. 1938, 1947 (1985). Pennsylvania has a two year limitations period for personal injury actions. See 42 Pa. Cons. Stat. Ann. 5524 (supp. 1995).

In the case of *Johnstone v. United States,* 980 F.Supp. 148, the Court said:

>The Prison Litigation Reform Act (PLRA), which Congress passed in 1996, has amended the *in forma pauperis* statute in ways relevant to the decision in this case. These amendments have expanded the grounds upon which a trial court may dismiss a complaint *sua sponte*, even before the summons issues. Formerly, 28 U.S.C. § 1915(d) allowed a court to dismiss a complaint only if it found that the allegation of poverty was untrue or if it was "satisfied that the action is frivolous or malicious." As the Supreme Court held in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the "frivolous" standard does not draw all actions dismissible upon Rule 12(b)(6) grounds within its ambit. As amended in 1996, however, § 1915 directs the court to dismiss a case at any time if it appears that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based upon the foregoing we find that a two year statute of limitations applies to this case. According to the face of the Complaint the conduct that formed the basis of this claim took place on October 13, 2000, four years and four months before the action was filed on February 28, 2005. The action is barred by the statute of limitations. Under the Prison Litigation Reform Act we have the authority to dismiss this complaint. We therefore enter the following Orders.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM BROWN | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM FARRELL, et al. | : | NO. 05-881 |

**O R D E R**

**AND NOW,** this 10th day of January, 2007, Raheem Brown's Motion to File an Amended Complaint (second Motion to File Amended Complaint) (Doc. No. 21) is **GRANTED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM BROWN | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM FARRELL, et al. | : | NO. 05-881 |

**O R D E R**

**AND NOW**, this 10th day of January, 2007, the within Complaint is hereby dismissed as legally frivolous.  There are no probable grounds for appeal.

BY THE COURT:


/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE